IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHLOE SHAW,[1] | § | |
| | § | No. 236, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN18-05071 |
| RUSSELL MCDONALD, | § | Petition No. 22-12436 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 22, 2024
Decided:    January 27, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

(1)    After careful consideration of the opening brief and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated June 12, 2024.  The appellant challenges the Family Court's factual findings regarding the parties' income and expenses.  On appeal from a Family Court order entered after a hearing, this Court accepts the trial court's factual findings if they are sufficiently supported by the record and are the product of an orderly and logical deductive process.[2]  This Court will make contradictory findings only when the trial court's factual findings are clearly wrong and justice

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] *Garrison v. Downing*, 226 A.3d 195, 197 (Del. 2020).

requires that they be overturned.[3] Moreover, when the determination of facts turns on a question of credibility and the acceptance or rejection of the testimony of the witnesses appearing before the trier of fact, this Court will not substitute its own opinion for that of the trier of fact.[4]

(2) The appellant has not supplied a transcript of the April 3, 2024 hearing, which limits our ability to evaluate the merits of her claims of error.[5] She argues that the Family Court erroneously found that the appellee's income was $65,000 per year, when the appellee testified that he earns approximately $80,000 per year. Although the text of the Family Court's letter decision states that the appellee testified at trial that he "makes approximately $65,000," the report from the Family Court software that is appended to the court's decision reflects that the court's conclusions as to the parties' respective need and ability to pay were calculated based on an annual income of more than $80,000 for the appellee.[6] We do not find the Family Court's factual findings to be clearly wrong, and we find no basis for reversing the Family Court's order.

---

[3] *Langford v. Langford*, 2019 WL 719039, at \*1 (Del. Feb. 19, 2019).
[4] *Shimel v. Shimel*, 2019 WL 2142066, at \*2 (Del. May 14, 2019).
[5] *See Davis v. Anderson*, 2011 WL 4838956, at \*1 (Del. Oct. 12, 2011) ("In the absence of any transcript of the ancillary hearing, which [the appellant] had the burden to supply, this Court is without any adequate basis to review [the appellant's] suggestion of error." (citation omitted)).
[6] *See* Family Court Software Budget Report for 2024 (making calculations based on husband's monthly income of $6,777.33, which totals $81,327.96 over a twelve-month period).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice